IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No. **3:08-CV-1606-L** |
| **SDI of Grapevine Texas [2240 Hall Johnson Road] A Texas Partnership**, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss for Failure to State a Claim and Failure to Plead Properly, filed December 31, 2008. After careful consideration of the motion, brief, response, record, and applicable law, the court **denies** Defendant's Motion to Dismiss for Failure to State a Claim and Failure to Plead Properly and **orders** that the Amended Complaint be repleaded.

### I.   Background

The Equal Employment Opportunity Commission (the "EEOC") originally filed this action on September 12, 2008, against SDI of Grapevine Texas [2240 Hall Johnson Road], a Texas Partnership ("Defendant"). The EEOC filed its Amended Complaint ("Complaint") on October 21, 2008. In its Complaint, the EEOC alleges that Defendant subjected Erin Schwarzbach to a sexually hostile environment because of her sex and thereby violated the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Defendant filed a Motion to Dismiss pursuant to Rules 8, 12(b)(6), and 12(e) of Federal Rules of Civil Procedure. Defendant contends that the Complaint does not set forth sufficient facts pursuant to Rule 8 to put it on notice of the nature of Plaintiff's claim, that the allegations are so vague that they do not rise above the speculative level to withstand a dismissal pursuant to Rule 12(b)(6), and that Defendant is entitled to a more definite statement because the allegations of the Complaint are so vague and ambiguous that it cannot reasonably prepare a response to the Complaint.

## II.   Standards

### A.   Failure to State a Claim - Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

**Memorandum Opinion and Order - Page 2**

*Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.    Content of Pleadings - Rule 8

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim.

**Memorandum Opinion and Order - Page 3**

      **C.**      **More Definite Statement - Rule 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure permits a party "to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such a motion must be made before a party files a responsive pleading and "must point out the defects complained of and the details desired." *Id.*

**III.**    <u>**Discussion**</u>

      **A.**      **Rules 8(a)(2) and 12(b)(6)**

Defendant contends that the EEOC fails to set forth the elements of a prima facie case for a sexually hostile work environment. The court notes that, notwithstanding Defendant's argument to the contrary, a plaintiff is not required at the pleadings stage to plead each element of a prima facie claim of a sexually hostile environment to defeat a Rule 12(b)(6) motion. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002). A plaintiff need only comply with the standard previously enunciated by the court and Rule 8 of the Federal Rules of Civil Procedure, and this is the standard by which the court will judge the sufficiency of the Complaint and the motion to dismiss. The court interprets *Swierkiewicz, Twombly,* and Rule 8 to require that a complaint set forth the allegations in sufficient detail to provide fair notice of the nature of the claim and that the right to relief must be "above the speculative level." Details beyond this threshold may be obtained through discovery and a motion for more definite statement. *Swierkiewicz*, 534 U.S. at 512-14.

In light of Rule 8(a)(2) and *Leatherman v. Tarrant County Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993), the EEOC is correct, insofar as the argument goes, that Defendant is entitled only to "a short and plain statement that the pleader is entitled to relief." This, however, is

**Memorandum Opinion and Order - Page 4**

not the end of the story. The "short and plain statement" must contain facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman,* 507 U.S. at 168 (citation omitted). The allegations of the Complaint fall short. The Complaint states that Erin Schwarzbach was subjected "to a sexually hostile environment based upon her sex" and that she was deprived of "equal employment opportunities because of her sex." Complaint ¶¶ 7, 8. These allegations are wholly conclusory and do not even provide minimum notice of the factual bases for the claim of sex or gender discrimination. Accordingly, the allegations fail the test necessary to comply with Rule 8 and defeat a Rule 12(b)(6) motion.

Contrary to the EEOC's contention, Ms. Schwarzbach's EEOC Charge of Discrimination ("Charge") and documents related to the Charge do not contain "very specific assertions of hostile work environment sexual harassment." The statements in the documents regarding discrimination are no more specific than the conclusory allegations of the Complaint. Requiring the EEOC to include a minimal basis for its claim is in no way inconsistent with notice pleading or the mandate of *Leatherman*. Such requirement actually complements Rule 8 in that it puts a defendant on notice of the grounds on which a plaintiff's claim rests.

For the reasons stated herein, the court determines that the EEOC's Complaint falls short of the requirements of Rule 8 and will not survive a Rule 12(b)(6) dismissal, unless it is amended. Rather than dismiss the Complaint, the court will allow the EEOC the opportunity to amend it. This can be accomplished with the addition of a few sentences and only requires the EEOC to set forth factual allegations of which it is already aware. Had this been done initially, it would have obviated the need for Defendant to file a motion to dismiss and the need for the court to expend scarce judicial resources.

**B.** **Rule 12(e)**

In light of the court requiring the EEOC to amend its Complaint to comply with Rule 8, Defendant's Alternative Motion for More Definite Statement is moot. Accordingly, the court will deny this motion as such.

**IV.** **Conclusion**

For the reasons stated herein, the court determines that the EEOC Complaint falls short of the requirements of Rule 8. Rather than dismiss the Complaint, the court believes that the better legal approach is to allow the EEOC to replead. Accordingly, the court **denies** Defendant's Motion to Dismiss for Failure to State a Claim and Failure to Plead Properly; **orders** the EEOC to file a second amended complaint by **June 10, 2009**; and **denies as moot** Defendant's Alternative Motion for More Definite Statement.

It is so ordered this 27th day of May, 2009.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge